UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-60460-BLOOM/Valle

JUMPING JACK RETAIL II, INC.,

    Plaintiff,

v.

7-ELEVEN, Inc.,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant 7-Eleven, Inc.'s Motion to Dismiss, ECF No. [7] ("Motion"), filed on March 21, 2023. Pursuant to Local Rule 7.1(c), a response to the Motion was due on April 4, 2023. Plaintiff Jumping Jack Retail II, Inc. failed to respond to the Motion by the applicable deadline or to request an extension of time in which to do so.[1] As such, the Court proceeds to address the merits of the Motion without the benefit of a response. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **INTRODUCTION**

This is the third time this Plaintiff and this Defendant have been before this Court on essentially the same breach-of-contract claims involving 7-Eleven franchises. The Court dismissed the first case for failure to allege subject matter jurisdiction. *See Francois & Jumping Jack Retain*

---

[1] Plaintiff's failure to respond constitutes an independent basis for the Motion to be granted. *See* Local Rule 7.1(c) ("each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *Arrington v. Hausman*, 2016 WL 782416, at *2 (S.D. Fla. Feb. 17, 2016) (Gayles, J.) (dismissing case for failing to respond to the motion to dismiss).

*[sic] II, Inc. v. 7 Eleven, Inc.*, No. 22-cv-60473-BB (S.D. Fla. June 7, 2022). The Court dismissed the second case for failure to comply with a pre-suit mediation requirement. *See Jumping Jack Retail II, Inc. v. 7-Eleven, Inc.*, No. 22-cv-61443-BB (S.D. Fla. Sept. 26, 2022).

Plaintiff's instant Complaint asserts two claims. Count I alleges Defendant breached the franchise agreement for store number 38056A ("Miami Agreement") for failing to disclose that the store was a "losing proposition" in a high crime area. *See* ECF No. [1-1] ¶¶ 38-41. Count II alleges 7-Eleven improperly withdrew money from a second franchise, store number 34822, located in Pembroke Pines, Florida, in violation of the franchise agreement governing that store ("Pembroke Pines Agreement"). *Id*. ¶ 45.

Defendant moves to dismiss Count I for failure to allege a breach of a contract provision, failure to allege Plaintiff's compliance with the Miami Agreement, and failure to comply with the five-year statue of limitations governing breach of contract claims. ECF No. [7] at 4-6. Defendant moves to dismiss Count II because Plaintiff Jumping Jack Retail II, Inc. is not a party to the Pembroke Pines Agreement, so Plaintiff lacks standing to assert a breach of that Agreement. *Id.* at 6.

As noted above, Plaintiff has filed no Response.

**II.    LEGAL STANDARD**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### III. DISCUSSION

The Court begins with Count I. "To state a claim for breach of contract under Florida law, the Plaintiff must allege: "(1) a valid contract; (2) Plaintiff's performance of her obligations under the contract or a legal excuse for its nonperformance; (3) a material breach; and (4) damages." *Pierce v. State Farm Mut Auto. Ins. Co.*, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 17, 2014) (citation omitted). "In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached." *Id.* (citations omitted).

As Defendant correctly points out, Count I of Plaintiff's Complaint does not specify any provision of the Miami Agreement that was breached. *See* ECF No. [1-1] at 4-5. Nor does it allege Plaintiff's compliance with its obligations under the contract. *Id.* On these bases, Count I is subject to dismissal.[2]

Turning to Count II, the Pembroke Pines Agreement reveals that Plaintiff Jumping Jack Retail II, Inc. is not an entity to that agreement. *See* ECF No. [7-2]. Rather, the franchisee in the

---

[2] The Court will not address Defendant's statute of limitations argument because the Court harbors doubt that the five-year period began to run on the date the Agreement was signed.

Pembroke Pines Agreement is "Jumpin Jack Retail, Inc." *Id*. at 40. Defendant persuasively argues that Plaintiff lacks standing to sue for breach of contract when Plaintiff is not a party to the contract at issue. ECF No. [7] at 6 (citing *Oglesby v. Integon Nat'l Ins. Co.*, 2020 WL 6379367, at *3 (S.D. Fla. Aug. 25, 2020) (dismissing breach of contract claim with prejudice because the plaintiff was not a party to the contract) and *Bradshaw v. Integon Nat'l Ins. Co.*, 2019 WL 6716364, at *2 (S.D. Fla. Dec. 10, 2019) ("An entity may not bring a claim for breach of a contract to which it is not a party." (citations omitted))). Accordingly, Count II is subject to dismissal.

The only remaining issue is whether Plaintiff should be granted leave to amend. As noted in the Introduction above, this is the third time Plaintiff has attempted to assert these claims against Defendant. In the second case, Defendant moved to dismiss on the grounds that Plaintiff's complaint suffered from the exact same infirmities as the instant Complaint. *See Jumping Jack Retail II, Inc. v. 7-Eleven, Inc.*, No. 22-cv-61443, Order on Motion to Dismiss at 3 (S.D. Fla. Sept. 26, 2022). In that case, unlike here, Plaintiff responded to Defendant's motion to dismiss, but Plaintiff did "not meaningfully address Defendant's arguments that Plaintiff failed to adequately state a claim as to Count I or that Plaintiff lacks standing to bring Count II." *Id*. The Court dismissed on the separate ground that Plaintiff had failed to mediate prior to filing suit. *Id.* at 4.

In light of Plaintiff's repeated failure to state a viable claim – and Plaintiff's failure to even respond to Defendant's Motion to Dismiss in the present proceeding – the Court concludes that Plaintiff is incapable of litigating its claims, such that amendment would be "futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (quotation marks omitted).

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [7]**, is **GRANTED**.

2. Counts I and II of the Complaint are **DISMISSED WITH PREJUDICE**.

**3.** All other pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED.**

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 18, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record